■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILLIAMS, Appellant.—Judgments, Supreme Court, New York County (Renee A. White, J.), rendered December 19, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and upon an unrelated guilty plea, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 4-½ to 9 years, unanimously affirmed.

Defendant was charged with acting in concert with two others to sell four vials of crack cocaine to an undercover narcotics officer in exchange for prerecorded buy money. Backup officers arrested defendant and his two accomplices minutes after the sale, based upon detailed descriptions radioed by the undercover officer, as well as a confirmatory drive-by identification. The prerecorded buy money was recovered from defendant at the time of arrest, and additional drugs were recovered from each of defendant's two accomplices.

The trial court properly denied defendant's motion for a trial order of dismissal regarding the second count of the indictment, criminal possession of a controlled substance in the third degree (with intent to sell) as the People presented legally sufficient evidence at trial to support submission of the count to the jury on the charged acting in concert theory (CPL 300.40). In any event, the jury's acquittal on that charge renders the issue moot, and the overwhelming evidence regarding the sale count in no way relied upon identification of defendant's source for the four vials of crack cocaine sold to the undercover officer.

Defendant failed to request a more expansive jury charge regarding evaluation of identification testimony and thus failed to preserve any claim of error for appellate review as a matter of law (CPL 470.05). In any event, the identification testimony herein was exceptionally strong, and the trial court's jury charges explaining credibility factors and the People's burden to prove beyond a reasonable doubt that defendant committed each and every element of the offenses charged, adequately instructed the jury as to the applicable legal standards for conviction (see, People v Perez, 164 AD2d 839, 840-841, affd 77 NY2d 928).

We have considered defendant's additional arguments and

find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.